UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 03-0338 |
| ANTHONY THOMAS | SECTION: I/4 |

### ORDER AND REASONS

Before the Court is the motion to vacate sentence and conviction pursuant to 28 U.S.C. § 2255 filed by defendant, Anthony Thomas, *pro se*. For the following reasons, defendant's motion is **DENIED**.

### *BACKGROUND*

On October 30, 2003, defendant was indicted by a federal grand jury for conspiracy to possess with intent to distribute 50 grams or more of cocaine base and quantities of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841 and 846, and unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b).[1] On November 6, 2003, Warren Montgomery, Esq. ("Montgomery"), was appointed defendant's counsel.[2] On December 17, 2003, defendant, represented by Montgomery, plead guilty to one count of conspiracy to possess with intent to

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. Nos. 7, 3.

distribute 50 grams or more of cocaine base.[3]

On April 5, 2004, defendant, represented by his third lawyer,[4] filed a motion to withdraw his guilty plea. After holding an evidentiary hearing, the court denied the motion.[5] On June 9, 2004, defendant was sentenced to 175 months in prison.[6] Defendant appealed his conviction, arguing that he was not competent to enter a guilty plea. On May 19, 2005, the United States Court of Appeals for the Fifth Circuit rejected defendant's arguments and affirmed the judgment of this Court.[7] Plaintiff filed this motion on October 23, 2007, arguing that his conviction and sentence should be vacated pursuant to 28 U.S.C. § 2255 because he received ineffective assistance of counsel.

## *LAW AND ANALYSIS*

The standard for judging the performance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove deficient performance and

---

[3] *See* Rec. Doc. No. 75. During the rearraignment, the United States stipulated that defendant's role in the conspiracy only involved cocaine base and not quantities of cocaine hydrochloride. Rec. Doc. No. 160, p. 5.

[4] On February 9, 2004, the Court construed correspondence from defendant as a motion for new counsel; at a hearing, the Court granted defendant's motion, and Montgomery was withdrawn as defendant's counsel. Rec. Doc. No. 103. On February 12, 2004, Michael D. Rubenstein, Esq., was appointed defendant's counsel. Rec. Doc. No. 109. Rubenstein later filed a motion to withdraw and, after another hearing with respect to defendant's counsel on March 25, 2004, Rubenstein was permitted to withdraw. Rec. Doc. No. 129. On April 5, 2004, D. Majeeda Snead, Esq., was appointed to represent defendant. Rec. Doc. No. 130. Snead represented defendant at his sentencing hearing; however, in accordance with defendant's wishes, Snead was permitted to withdraw at the conclusion of that hearing. Rec. Doc. No. 228, p. 14.

[5] Rec. Doc. No. 158.

[6] Rec. Doc. No. 186.

[7] Rec. Doc. No. 271.

resulting prejudice.  *Strickland*, 466 U.S. at 697, 104 S. Ct. 2070-71.  The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688, 104 S. Ct. at 2064.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694, 104 S. Ct. at 2068; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.  *Kimler*, 167 F.3d at 893.  On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance."  *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065).  The burden is on petitioner to demonstrate that counsel's strategy was unreasonable.  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).[8]  With respect to the prejudice prong of *Strickland*, defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

---

[8]In *Lockhart*, the defendant argued that his guilty plea was involuntary because his attorney had incorrectly counseled him as to his parole eligibility date.  474 U.S. at 54-55, 106 S. Ct. at 368.   The defendant requested that the district court reduce his sentence to what he expected based on his attorney's erroneous advice.  *Id.*

*United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370).

Defendant contends that his conviction should be vacated because his attorney failed to fully investigate the facts of his case and failed to file motions challenging the evidence prepared by the United States.[9] *Lockhart* explains that:

> where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59, 106 S. Ct. at 370.

A defendant's counsel "has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Smith v. Dretke*, 422 F.3d 269, 283-284 (5th Cir. 2005) (citing *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997)). While defense counsel is "not required to pursue every path until it bears fruit or until all conceivable hope withers," *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir.1980), an attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance, *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Under

---

[9]Plaintiff's allegations:

> The facts are, (1) Mr. Montgomery never attempted to even try investigating the case against Mr. Thomas.  (2) Mr. Montgomery never took notes in his profession or even try in his profession to show some type of performance of the law on behalf of the defendant Thomas.  (3) Mr. Montgomery never filed one petition of any kind, into the courts on behalf of defendant Thomas' Constitutional Rights.  (4) Mr. Montgomery failed to challenge Government evidence that was being held at hand by the Government . . . .

Rec. Doc. No. 306-2, pp. 3-4 (errors in original).

*Strickland*, a defendant "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted), *cited in United States v. Goodley*, 183 F. App'x 419, 422-23 (5th Cir. 2006).

Defendant's allegations against his former counsel, however, fail to meet the *Strickland* standard. His claims are vague and unsubstantiated; defendant provides no support for his argument that any motions his counsel may have filed would have been meritorious. *United States v. Alanis*, 88 F. App'x 15, 17 (5th Cir. 2004) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious . . . ."). Moreover, defendant has failed to provide any evidence which would cause this Court to conclude that there is a reasonable probability that his counsel's alleged errors affected his decision to plead guilty. The Court has already reviewed the actions of defense counsel leading to defendant's rearraignment and found counsel's actions to have been reasonable.[10] The Court finds that defendant has failed to meet his burden under *Strickland* and *Hill*.

The Court also finds that defendant has waived his right to challenge his sentence

---

[10] Rec. Doc. No. 158, pp. 14-19. The Court wrote:

> The Court further finds that counsel's analysis of the case and his advice to his client prior to entering his plea was reasonable and adequate. Counsel was aware of the government's evidence and, due to his experience as a former prosecutor, the probable impact of the testimony of defendant's alleged co-conspirators. Although counsel did not interview the co-conspirators, it was reasonable for counsel to presume that their testimony would directly implicate the defendant. Based on that evidence and his review of discovery materials provided to him by the government, counsel advised defendant of possible outcomes of a trial. Faced with the reality of a mandatory life sentence if his client was convicted at trial, counsel successfully negotiated a plea agreement with the government which obligated the government to refrain from establishing his prior convictions for the purpose of increasing defendant's sentence.

Rec. Doc. No. 158, pp. 18-19.

pursuant to § 2255. "A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (citing *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)). Defendant's plea agreement specifies that "defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."[11] In addition to the language of the plea agreement, the Court specifically discussed this waiver with defendant at his rearraignment,[12] and the Court previously found that defendant's plea of guilty was made knowingly and voluntarily.[13]

Defendant's claim of ineffective assistance of counsel with respect to his sentence will only survive his waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). That is, defendant may argue that the waiver of his rights, or the plea agreement containing this waiver, was entered into unknowingly or involuntarily because of his counsel's alleged ineffective assistance. *United States v. Gray*, 202 F. App'x 669, 670 (5th Cir. 2006) ("[W]e have held that ineffective assistance of counsel claims challenging the plea and waiver themselves survive the waiver . . . .").

Defendant, however, has failed to make any such arguments. *See White*, 307 F.3d at 337 (affirming district court's denial of defendant's challenge to his sentencing "[b]ecause ineffective assistance of counsel claims only survive a waiver of appeal if they directly relate to

---

[11]Rec. Doc. No. 77, p. 2. By the terms of defendant's plea agreement, he "reserve[d] the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court."

[12]Rec. Doc. No. 160, p. 15.

[13]Rec. Doc. No. 158.

the voluntariness of the waiver, and because White does not challenge the validity of his plea").[14]

In his reply to the opposition filed by the United States, defendant states that, on the morning of his rearraignment, he "was coached to a plea by Counselor Warren Montgomery and prosecutor Joseph A. Aluise."[15] Defendant provides no evidence of this "coaching," and considering the extensive colloquy at the rearraignment regarding the plea agreement,[16] the Court finds no merit to these allegations.[17] Accordingly, the Court finds that defendant has not shown that his counsel's alleged ineffective assistance may have affected the validity of his guilty plea or the waiver in the plea agreement. Defendant's waiver of his right to contest his sentence pursuant to § 2255 is, therefore, valid.

In his reply to the opposition filed by the United States, defendant includes a section entitled "collateral challenge," which appears to be a claim based on defendant's objections at sentencing to the presentence report. Defendant notes that the presentence report must be disclosed to both defense counsel and the defendant, but he provides no argument as to this

---

[14]Moreover, even if the Court were to assume defendant is arguing that his counsel's ineffective assistance affected the validity of his waiver, the Court has already found that defendant's allegations regarding his counsel's failure to investigate his case and file motions on his behalf are unsupported.

[15]Rec. Doc. No. 310, p. 3.

[16]Rec. Doc. No. 160, pp. 13-18.

[17]Defendant made a similar argument when he moved to withdraw his plea of guilty. The Court found

> no evidence that defendant's decision to plead guilty was the result of pressure brought to bear on defendant by his attorney. There is no evidence that defendant had ever asserted his innocence to his counsel (or anyone else) prior to pleading guilty or that counsel had ignored his alleged assertion and counseled him to plead guilty against his wishes. In short, there is no evidence contradicting defendant's statements to this Court during rearraignment that his plea of guilty was not the result of any threat or promise made by anyone to defendant.

Rec. Doc. No. 158, p. 19.

requirement. The Court has reviewed the transcript of defendant's sentencing on June 9, 2004,[18] and finds no error with respect to the disclosure of the presentence report[19] or defense counsel's performance at that hearing. Defendant's "collateral challenge" is unpersuasive.

Accordingly,

**IT IS ORDERED** that the motion to vacate sentence and conviction pursuant to 28 U.S.C. § 2255 filed by defendant, Anthony Thomas,[20] is **DENIED**.

New Orleans, Louisiana, May   15th  , 2007.

                                                          LANCE M. AFRICK
                                                          UNITED STATES DISTRICT JUDGE

---

[18] Rec. Doc. No. 228, pp. 2-5.

[19] At sentencing, the Court verified that both defendant and his counsel had received a copy of the presentence report prior to the hearing. The following colloquy occurred:

> THE COURT: So you have received a copy of the presentence report?
> THE DEFENDANT: Yes, sir.
> THE COURT: Okay, I just want to make sure you received it, that's all. Ms. Snead, you received a copy?
> MS. SNEAD: I received a copy of the presentence report, Your Honor. I went over the presentence report with Mr. Thomas. He informed me to object to the presentence report. Objections were filed with the probation department, and I believe an addendum was sent to the Court.
> THE COURT: Okay. And I note your objections as well as the broad base objections that your client has just made.

Rec. Doc. No. 228, pp. 3-4.

[20] Rec. Doc. No. 304.